UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
Franklin McKenzie,

      Plaintiff,

   -against-

City of New York, NYPD Officer Francis Twum,
NYPD Officer Paul Catanzarita, Shield No.
13287, NYPD Officer John and Jane Does 1-4,

      Defendants.
------------------------------------------------------------ x

FIRST AMENDED COMPLAINT
17-cv-4899 (PAE) (BCM)

Jury Trial Demanded

  This is an action to recover money damages arising out of the violation of Plaintiff Franklin McKenzie's rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, brought pursuant to 42 U.S.C. §§ 1983 and 1988, and various New York State laws.

## JURISDICTION AND VENUE

  1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and various New York State laws.

  2. The Court's jurisdiction is predicated upon the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

  3. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) as Plaintiff resides in the District and the claim arose in the District.

## JURY DEMAND

  4. Mr. McKenzie respectfully requests a trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

5. Mr. McKenzie is a citizen of Bronx County, where he works as an accountant and bookkeeper.

6. Defendant City of New York was, and still is, a corporation duly organized and existing under, and by virtue of, the laws of the State of New York, having its place of business within the Southern District of the Federal District Court of New York, and included as its functions the operation, management and finance of New York City Police Department.

7. Defendant Police Officer Francis Twum and Defendant Police Officer Paul Catanzarita were and, upon information and belief, still are, employed by Defendant City as Police Officers. At all relevant times they were acting in connection with their official duties. They are being sued in their individual and official capacities. The same is true for NYPD Officer John and Jane Does 1-4.

8. That at all times hereinafter mentioned Defendant City, Defendant Officer Twum, Defendant Officer Catanzarita, and NYPD Officer John and Jane Does 1-4, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the Defendant City.

9. Each and all of the acts of Defendant Officer Twum, Defendant Officer Catanzarita and Defendant Officer Does 1-4 alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## FACTS

10. On the afternoon of Sunday, December 7, 2014, at about 4pm, Plaintiff and Shemone Heron were in Mr. McKenzie's vehicle on their way to do laundry near the corner of White Plains Road and E. 241st Street in Bronx County, New York.

11. Defendants Twum, Catanzarita and Doe Officers performed a traffic stop upon Plaintiff's vehicle. Plaintiff had not committed any traffic violations, or committed any acts that a reasonable police officer could have plausibly construed as providing reasonable suspicion to justify a traffic stop.

12. Defendants approached Mr. McKenzie's window and Ms. Heron's. Mr. McKenzie turned on his telephone and attempted to record the interaction because he did not know why he was pulled over.

13. Individual Defendant 1 reached Mr. McKenzie's window, while Defendant 2 and Doe Defendants arrived and were also present from the earliest interactions.

14. Mr. McKenzie asked Defendant Officer 1 why he had been stopped. Defendant 1 declined to respond.

15. Defendant 1, Defendant 2 and other Doe Defendants grabbed Mr. McKenzie's arm, forcibly pulled him out of his vehicle, deliberately knocked the telephone down due to his exercise of his right to record police activity, shoved Mr. McKenzie against the vehicle, and handcuffed him. Mr. McKenzie suffered pain, discomfort, indignity and humiliation as a result of this rough and unjustified physical treatment. The physical consequences of the unjustified use of force included, but was not limited to, scratches on his wrists due to too-tight handcuffs as well as injury relating to Defendant shoving him roughly into the vehicle. On information and belief, Defendants used this unreasonable and excessive force upon Mr. McKenzie, falsely arrested him, and later fabricated evidence and maliciously prosecuted him in part to retaliate against him for exercising his First Amendment rights.

16. Defendants placed Mr. McKenzie in a police vehicle and took him to the 47th precinct. Defendants did not tell Mr. McKenzie at any point why he had been stopped in the

first place. Mr. McKenzie did not learn the "story" until much later when he had already been sitting in the precinct cell.

17. Ms. Heron was not permitted to drive Mr. McKenzie's vehicle to the precinct. She was ordered out of the vehicle, left at the scene, and a Defendant transported the vehicle to the precinct.

18. Mr. McKenzie was unlawfully detained for roughly seven to eight hours. While Mr. McKenzie's vehicle was at the precinct, Defendants searched his vehicle and the laundry bags in the back seat without his consent and without any reason to justify a warrantless search.

19. Mr. McKenzie did not learn that he was receiving any summons at all until he was in a jail cell at the precinct, when he received a summons for reckless driving and disorderly conduct.

20. Defendants falsely represented to the DA's Office that Mr. McKenzie had resisted arrest at the scene in addition to the false statements made in the above-mentioned summonses. This was not true. Mr. McKenzie was compliant at all moments.

21. In a criminal complaint that Defendant Officer Catanzarita therafter prepared and submitted to the DA's Office, swearing to the veracity of its contents, he again falsely stated that Mr. McKenzie resisted arrest, and falsely stated that he was stopped for driving at a fast rate of speed. This was not true and the charge was later dismissed by a state court on the DA's motion.

22. Over the course of the next year and a half, Mr. McKenzie had to make court appearances in connection with false charges, all of which eventually terminated in his favor.

23. A state court dismissed the disorderly conduct charges and resisting arrest charges against Mr. McKenzie on the DA's motion.

24. On May 5, 2016, a state court dismissed the reckless driving charges against Mr. McKenzie on the DA's motion in the middle of Defendant Officer Twum's bench trial testimony

about Mr. McKenzie's alleged reckless driving, when Officer Twum's testimony was found by the prosecutor to be incredible.

25. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §§ 1983 and 1988.

27. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

30. As a result of the foregoing, Plaintiff is entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

31. Mr. McKenzie filed a timely Notice of Claim regarding the malicious prosecution and fabrication of evidence when those claims accrued upon the May 5, 2016, dismissal of charges against Mr. McKenzie at trial.

## First Claim
## FEDERAL CLAIMS
## 42 U.S.C. § 1983

32. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

33. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. §§ 1983, 1985, 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

34. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

## Second Claim
## First Amendment Retaliation

35. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

36. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's First Amendment rights. At the time the incident occurred, it was a clearly established right to record policy activity in the manner that Mr. McKenzie did, and Defendants retaliated against Mr. McKenzie for exercising this clearly established right with the intent of depriving him of his exercise of that right and chilling his exercise of the same. Indeed, Defendants actions had the actual effect of depriving Mr. McKenzie of this right, as they kept him from recording the incident as herein stated.

37. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

## Third Claim

### Excessive Force

38. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

39. Defendants' use of force upon Mr. McKenzie during the false arrest as herein described was unreasonable and excessive in light of the circumstances. Because Defendants lacked any cause to stop and detain Mr. McKenzie, any and all uses of force upon him—and their particular application here—were unreasonable and thus violations of his Fourth Amendment rights.

40. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

### Fourth Claim
### False Arrest

41. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

42. Defendants, by their actions herein described, intended to unlawfully confine Mr. McKenzie. This confinement was unprivileged and Mr. McKenzie was aware of it and did not consent to it.

43. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

### Fifth Claim
### Fabrication of Evidence/Deprivation of Right to Fair Trial

44. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

45. As herein described, Defendants fabricated evidence likely to influence a fact finder's decision of guilt and forwarded that information to prosecutors and to the fact finder.

## Sixth Claim
## Malicious Prosecution

46. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

47. Defendants, by their conduct toward Plaintiff alleged herein, commenced and continued criminal charges against him on the basis of false evidence knowing that they did not have cause to stop and detain him in the first instance, and the eventual dismissal of the criminal charges on the DA's motion before and during trial constituted a favorable termination of the false charges. As a consequence of Defendants' actions, Mr. McKenzie was unlawfully deprived of his liberty insofar as he was required to make many court appearances to combat the Defendants' tortious conduct.

48. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

## Seventh Claim
## Unlawful Seizure and Search of Person and Property

49. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

50. Defendants, by their conduct toward Plaintiff alleged herein, unlawfully seized and searched Plaintiff's person and property during and/or after the unprivileged stop and/or arrest.

51. Given Defendants' lack of constitutional privilege for the stop and/or arrest of Mr. McKenzie as detailed herein, Defendants' seizure of Mr. McKenzie's person was similarly unprivileged.

52. Given Defendants' lack of constitutional privilege for the stop and/or arrest of Mr. McKenzie as detailed herein, Defendants' seizure of his vehicle and search of the vehicle and its contents was similarly unprivileged.

53. Even assuming arguendo that Defendants' stop and/or arrest of Mr. McKenzie was supported by some constitutional privilege, which Mr. McKenzie contests, Defendants' search of the vehicle and its contents in connection therewith was unconstitutionally unreasonable in fact and scope.

54. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

### Eighth Claim
### Failure to Intervene

55. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

56. Defendants, by their conduct toward Plaintiff alleged herein, failed to intervene to prevent the constitutional violations that Mr. McKenzie suffered. Defendants had ample awareness of the violations as they were occurring and reasonable opportunity to mitigate the ongoing violation of Mr. McKenzie's rights while those rights were still being violated. Defendants' failure to intervene despite their knowledge of and reasonable opportunity to prevent the herein described rights violations amounted to deliberate indifferent to substantial risk of harm that in fact did cause Mr. McKenzie that harm.

57.     As detailed herein, Mr. McKenzie alleges that all Individual Defendants directly violated his constitutional rights. It is in the alternative that Mr. McKenzie alleges that Individual Defendants failed to intervene to stop other Individual Defendants' direct violations of Mr. McKenzie's rights.

58.     Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

## Ninth Claim
## Monell Liability

59.     Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

60.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

61.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Plainitff's rights as described herein. As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to a failure to train officers as to individuals' right to reasonably record police activity, an omission that had the

foreseeable result that it did here, i.e., Defendants' direct violation of Mr. McKenzie's right to record, and also Defendants' retaliatory violation of Mr. McKenzie's other rights.

63. Prior to the incident detailed in this complaint, the City Defendant had concluded, but had not properly trained Individual Defendants to understand, that a citizen's right to record and/or inquire as to police authority were clearly established constitutional rights whose exercise could not lawfully be met with retaliatory stop, search, arrest, seizure, force or any other action as Individual Defendants took against Mr. McKenzie here.

64. In addition, the aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, arresting innocent persons in order to meet "productivity goals," or arrest quotas; arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in falsely arresting, unlawfully stopping and maliciously prosecuting those individuals. For example, according to public records searches, Defendants' compensation as police officers for the City Defendant has historically reflected what appears to be extremely heavy overtime compensation. On information and belief, police officers generally, and Defendants here, receive overtime compensation when they have justification to continue working beyond the hours of a regularly scheduled tour, and completing arrest paperwork—even when there is no legitimate arrest to perform—"creates" this justification. In the case of Defendant Twum, for example, in 2014, the year that Mr. McKenzie was falsely arrested, his annual compensation was over 1.5 times his base salary. This same excessive overtime compensation is reflected in all other years of his employment as well. The City Defendant's actual notice of this fact, along with its knowledge that an employee can achieve this end by making arrests that extend a tour, leaves the City

Defendant deliberately indifferent to the likely rights violations—like the ones suffered by Mr. McKenzie during his false arrest—that chronic overtime padding threatens.

65. Indeed, there are indications that the City Defendant has acknowledged the common sense understanding that overtime padding is a problem with consequences beyond budgetary concerns. For example, the NYPD Patrol Guide directs overtime monitoring and treats it in part as an integrity control issue. On information and belief, whatever theoretical overtime-related integrity control mechanisms are admittedly warranted, are not in fact implemented effectively.

66. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Plaintiff's safety, well-being and constitutional rights.

67. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as described herein.

## State Law Claims
## State Causes of Action

68. Plaintiff repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

69. Defendants violated Plaintiff's New York constitutional rights and committed New York state torts against him, as described by the facts herein.

70. Plaintiff complained of Defendants' misconduct in a timely filed Notice of Claim—served upon the Comptroller's Office at 100 Centre Street by certified mail according to state law requirements and within 90 days of the dismissal of the criminal charges against Mr. McKenzie during bench trial—which, as of this writing, Defendants have not yet settled.

Plaintiff herein files his supplemental state law claims sounding in malicious prosecution, fabrication of evidence, and respondeat superior within the limitations period.

71. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights.

72. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff respectfully requests the following relief:

A. An order entering judgment for Plaintiff against Defendants on each of their claims for relief;

B. Awards to Plaintiff for compensatory damages against all Defendants, jointly and severally, for their violation of Plaintiff's Fourth and Fourteenth Amendment rights, the amount to be determined at jury trial, which Plaintiff respectfully demands pursuant to FRCP 38;

C. Awards to Plaintiff of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to Plaintiff's constitutional rights and welfare, the amount to be determined at jury trial, which Planitiff respectfully demands pursuant to FRCP 38;

D. Award to Plaintiff of costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:   March 30, 2018
         New York, New York

/s/ Ryan Lozar
Ryan Lozar (RL0229)
305 Broadway, 10th Floor
New York, New York 10007
(310) 867-1562

*Attorney for Plaintiff*

13