UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

FRANKLIN MCKENZIE,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO FIRST AMENDED COMPLAINT**

17-CV-4899 (PAE)

**JURY TRIAL DEMANDED**

Defendants CITY OF NEW YORK ("CITY"), NYPD OFFICER FRANCIS TWUM ("TWUM") and NYPD OFFICER PAUL CATANZARITA ("CATANZARITA") (collectively "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

**AS TO "JURISDICTION AND VENUE"**

1. Denies the allegations set forth in paragraph "1" of the First Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the First Amended Complaint, except admits that plaintiff purports to invoke jurisdiction as stated therein.

3. Denies the allegations set forth in paragraph "3" of the First Amended Complaint, except admits that plaintiff purports to lay venue as stated therein.

**AS TO "JURY DEMAND"**

4. Paragraph "4" of the First Amended Complaint is a demand for a jury trial, and is not an averment of fact, thus requires no response.

**AS TO "PARTIES"**

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the First Amended Complaint.

6. Denies the allegations set forth in paragraph "6" of the First Amended Complaint except admits that the City of New York is a corporation duly organized and existing under, and by virtue of, the laws of the State of New York, that City of New York maintains a Police Department consistent with all applicable rules and laws, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

7. Denies the allegations set forth in paragraph "7" of the First Amended Complaint, except admits that defendant POLICE OFFICER FRANCIS TWUM and POLICE OFFICER PAUL CATANZARITA were employed by the New York City Police Department on December 7, 2014 and are still so employed; and that plaintiff purports to proceed as stated therein.

8. Paragraph "8" of the First Amended Complaint does not contain averments of fact, and instead contains conclusions of law and accordingly requires no response.

9. Paragraph "9" of the First Amended Complaint does not contain averments of fact, and instead contains conclusions of law and accordingly requires no response.

**AS TO "FACTS"**

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the First Amended Complaint, except admits that on December 7, 2014, at about 4pm, plaintiff was driving a vehicle with a female passenger in the vicinity of White Plains Road and E. 241st Street in Bronx County, New York.

11. Denies the allegations set forth in paragraph "11" of the First Amended Complaint, except admits that POLICE OFFICER FRANCIS TWUM lawfully performed a traffic stop on plaintiff's vehicle.

12. Denies the allegations set forth in paragraph "12" of the First Amended Complaint, except admits that POLICE OFFICER FRANCIS TWUM approached plaintiff's vehicle.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the First Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the First Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the First Amended Complaint, except admits that plaintiff was pulled out of his vehicle, placed against his vehicle, and handcuffed.

16. Denies the allegations set forth in paragraph "16" of the First Amended Complaint, except admits that plaintiff was placed in a police vehicle and taken to the 47th precinct.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the First Amended Complaint, except admits that plaintiff's vehicle was transported to the precinct.

18. Denies the allegations set forth in paragraph "18" of the First Amended Complaint.

19. Denies the allegations set forth in paragraph "19" of the First Amended Complaint.

20. Denies the allegations set forth in paragraph "20" of the First Amended Complaint.

21. Denies the allegations set forth in paragraph "21" of the First Amended Complaint.

22. Denies the allegations set forth in paragraph "22" of the First Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the First Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the First Amended Complaint, except admits that the reckless driving charge against plaintiff was dismissed on May 5, 2016.

25. Denies the allegations set forth in paragraph "25" of the First Amended Complaint.

26. Denies the allegations set forth in paragraph "26" of the First Amended Complaint.

27. Denies the allegations set forth in paragraph "27" of the First Amended Complaint.

28. Denies the allegations set forth in paragraph "28" of the First Amended Complaint.

29. Denies the allegations set forth in paragraph "29" of the First Amended Complaint.

30. Denies the allegations set forth in paragraph "30" of the First Amended Complaint.

31. Denies the allegations set forth in paragraph "31" of the First Amended Complaint, except admits that on or about May 25, 2016, the Comptroller's Office received a document purporting to be a Notice of Claim filed by the plaintiff.

**AS TO "FIRST CLAIM"**

32. In response to the allegations set forth in paragraph "32" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the First Amended Complaint.

34. Denies the allegations set forth in paragraph "34" of the First Amended Complaint.

**AS TO "SECOND CLAIM"**

35. In response to the allegations set forth in paragraph "35" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the First Amended Complaint.

37. Denies the allegations set forth in paragraph "37" of the First Amended Complaint.

**AS TO "THIRD CLAIM"**

38. In response to the allegations set forth in paragraph "38" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the First Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the First Amended Complaint.

**AS TO "FOURTH CLAIM"**

41. In response to the allegations set forth in paragraph "41" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the First Amended Complaint and all of its subparts.

43. Denies the allegations set forth in paragraph "43" of the First Amended Complaint and all of its subparts.

**AS TO "FIFTH CLAIM"**

44. In response to the allegations set forth in paragraph "44" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the First Amended Complaint.

**AS TO "SIXTH CLAIM"**

46. In response to the allegations set forth in paragraph "46" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the First Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the First Amended Complaint.

**AS TO "SEVENTH CLAIM"**

49. In response to the allegations set forth in paragraph "49" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the First Amended Complaint.

51. Denies the allegations set forth in paragraph "51" of the First Amended Complaint.

52. Denies the allegations set forth in paragraph "52" of the First Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the First Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the First Amended Complaint.

**AS TO "EIGHTH CLAIM"**

55. In response to the allegations set forth in paragraph "55" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the First Amended Complaint.

57. Denies the allegations set forth in paragraph "57" of the First Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

58. Denies the allegations set forth in paragraph "58" of the First Amended Complaint.

**AS TO "NINTH CLAIM"**

59. In response to the allegations set forth in paragraph "59" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

60. Denies the allegations set forth in paragraph "60" of the First Amended Complaint.

61. Denies the allegations set forth in paragraph "61" of the First Amended Complaint.

62. Denies the allegations set forth in paragraph "62" of the First Amended Complaint.

63. Denies the allegations set forth in paragraph "63" of the First Amended Complaint.

64. Denies the allegations set forth in paragraph "64" of the First Amended Complaint, and respectfully refers the Court to Graham v. Connor, 490 U.S. 386, 397-99 (1989), holding that an officer's subjective motivations are irrelevant to plaintiff's claim under the Fourth Amendment.

65. Denies the allegations set forth in paragraph "65" of the First Amended Complaint, and respectfully refers the Court to the NYPD Patrol Guide for an accurate recitation of the policies set forth therein.

66. Denies the allegations set forth in paragraph "66" of the First Amended Complaint.

67. Denies the allegations set forth in paragraph "67" of the First Amended Complaint.

**AS TO "STATE LAW CLAIMS"**

68. In response to the allegations set forth in paragraph "68" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

69. Denies the allegations set forth in paragraph "69" of the First Amended Complaint.

70. Denies the allegations set forth in paragraph "70" of the First Amended Complaint, except admits that on or about May 25, 2016, the Comptroller's Office received a document purporting to be a Notice of Claim filed by the plaintiff and that claim has not been adjusted, and that plaintiff purports to proceed as stated therein.

71. Denies the allegations set forth in paragraph "71" of the First Amended Complaint.

72. Denies the allegations set forth in paragraph "72" of the First Amended Complaint.

**AS TO "PRAYER FOR RELIEF"**

73. The demand for relief and all of its subparts do not contain averments of fact and accordingly require no response.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

74. The First Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

75. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

76. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

77. Defendants POLICE OFFICER FRANCIS TWUM and POLICE OFFICER PAUL CATANZARITA have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

78. At all times relevant to the acts alleged in the First Amended Complaint, defendants POLICE OFFICER FRANCIS TWUM and POLICE OFFICER PAUL CATANZARITA acted reasonably and properly in the lawful exercise of their discretion and/or

judgmental functions/decisions. Therefore, defendants POLICE OFFICER FRANCIS TWUM and POLICE OFFICER PAUL CATANZARITA are entitled to governmental immunity from liability on Plaintiff's state law claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

79. To the extent that the First Amended Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

80. At all times relevant to the acts alleged in the First Amended Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

81. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendant, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

82. Plaintiff's action may be barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

83. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

84. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own contributory and comparative negligence and by assumption of risk.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

85. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

86. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

87. Plaintiff provoked any incident.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:**

88. Plaintiff may have failed to mitigate damages.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:**

89. There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

**WHEREFORE,** Defendants CITY, TWUM, and CATANZARITA request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 13, 2018

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City, Twum, and Catanzarita*
100 Church Street
New York, New York 10007
(212) 356-2377

By: /s/
W. KEAUPUNI AKINA
*Assistant Corporation Counsel*

cc: Ryan Lozar, Esq. (Via ECF)
*Counsel for Plaintiff*