

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**W. KEAUPUNI AKINA**
*Assistant Corporation Counsel*
Telephone: 212-356-2377
Facsimile: 212-356-3509
wakina@law.nyc.gov

September 20, 2018

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

    Re:  Franklin McKenzie v. The City of New York, et al.,
       17 CV 4899 (PAE)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and represent the named Defendants in the above captioned matter. Defendants write to: (1) respectfully request limited relief from the Court's production order dated September 10, 2018, specifically relieving the NYPD of the obligation to search for 3 audio cassette tapes relating to Internal Affairs Logs from 2008 and 2009 under IA Log# 08-56912, 09-12979, and 09-23148,[1] (Dkt. Nos. 28 and 37); and (2) to respectfully request an order that a separate audio file relating to IA Log# 16-10106 be ordered unsealed under CPL 160.50. Plaintiff's counsel consents to the second request and has not provided a response as to the first request since conferring yesterday. This is Defendants' first request.

  As a preliminary matter, Defendants are aware of the Court's order issued yesterday, directing them to submit a sworn declaration by September 24, 2018 regarding, *inter alia*, efforts taken to search for documents that have not been produced. (Dkt. No. 41). Notwithstanding the instant application, Defendants will also address the within unproduced documents in their September 24, 2018 declaration if appropriate. Defendants make the instant application today in an effort to resolve outstanding discovery matters as expeditiously as possible instead of waiting until September 24, 2018.

  To date, Defendants have produced over 1800 pages of discovery. Approximately 1500 pages relate to allegations of similar misconduct to that alleged in this case and was produced in

---

[1] Defendants are informed by the NYPD that the NYPD's Internal Affairs Bureau (IAB) assigns log numbers to all pieces of information, whether allegations or otherwise, that come in to the IAB Command Center. Logs receive consecutive numbers throughout the calendar year, and appear on IAB Resumes as "IA 08-XXXX." The existence of an IA Log does not mean that IAB ultimately conducted an investigation, as demonstrated below.

compliance with the Court's Orders. (Dkt. No. 28 and 37). Defendants have also produced over 95 audio and video recordings and/or files in compliance with the same orders. Moreover, the vast majority of these allegations were never substantiated.

On September 17, 2018, Defendants produced, among others, IA Log# 08-56912, 09-12979, and 09-23148, from 2008 and 2009, in compliance with the Court's Orders. These logs are typed documents that recite the nature of the complaint or allegation initially received by the IAB Command Center.  In each instance that is the subject of this application, the typed IA Log further indicates that the IAB Command Center received a corresponding audio recording of the allegation from the Civilian Complaint Review Board (CCRB).[2] Upon information and belief, these audio cassette tapes were recordings of complaints originally made to CCRB, the substance of which is reproduced in writing in the corresponding IA Logs themselves.[3]

By way of example, one such log states that a person who was arrested for a domestic incident "stated that the officers were not fair to him because they did not listen to his side of the story and they only took his wife's statement at face value." Upon information and belief, this is the statement made on the corresponding recording, meaning that the typed Log is a likely duplicative digest of the recorded allegation.

Defendants are informed by the NYPD that, had the matter thereafter been investigated by IAB, the cassette tape would be retained in the normal course of business.  However, these logs were not ultimately investigated by IAB. Rather, they were routed to the command where the officer was assigned at the time of the incident at issue. At that time, almost a decade ago, matters that were assigned outside of IAB to the officer's command for investigation did not result in the generation of a formal "investigative file," where evidence including audio or video recordings would be retained. Rather, once the informal, command level investigation took place, the disposition was documented in a system called BCATS, and no other information was ordinarily retained in the normal course of business. Here, the BCATS documenting the disposition of these Logs have also been produced to plaintiff in compliance with the Court's Orders.[4]

In short, it is unclear whether the referenced audio recordings were transmitted by the IAB Command Center to the officer's command back in 2008 and 2009 in the first instance, or whether they were retained by the command for any period of time after the conclusion of the investigation. Defendants are informed by the NYPD that the only way to be confirm, however, that the audio recordings of these initial complaints no longer exist would be to retrieve all banker's boxes from the relevant era (as well as boxes that are not labeled by date), whether

---

[2] In contrast, other logs note "w/o tape," indicating that CCRB transmitted the information to IAB's command center, but not the related recording.

[3] Defendants are simultaneously pursuing other alternatives, including attempting to obtain the same recordings directly from CCRB.

[4] Notably, the NYPD's retention policies have since been substantially updated, and similar recordings would now be electronically stored and available for production. At the Court's request, a representative from the NYPD can be made available to more fully explain these changes and their impact on discovery compliance in federal civil suits challenging police action.

stored at the command's archive storage in warehouses in New Jersey, at a retrieval cost of approximately fifty-five dollars ($55) per fifteen boxes for rush delivery, or at the command itself. NYPD states that each box would then need to be manually searched by uniform police officers at additional labor cost and expense to the Department, as these members of service would need to be removed from their ordinary law enforcement assignments for as many hours as necessary to review the contents of each and every box before the NYPD could definitively represent that these three audio cassette tapes from a decade ago no longer exist.

A search to determine the existence of these 3 audio cassette tapes, the substance of which is documented in previously produced IA Logs, is not proportionate to the significant cost and burden of such a search, especially where no applicable retention policy mandated the storage of these tapes in the first place and they were not therefore stored in the normal course of business, and the subject matter relates to allegations made in 2008 and 2009, nearly a decade ago, none of which resulted in the imposition of discipline against the subject officer. Accordingly, Defendants respectfully request relief from only that portion of the order that would necessitate a search for these three audio recordings.

Finally, Defendants have identified one other responsive audio recording, which is associated with IA Log# 16-10106 from 2016. Defendants had previously requested additional time to complete a search for this recording. (Dkt. No. 39). That audio recording is electronically stored and available for immediate production. However, the NYPD advises that the recorded complaint implicates the complainant's statutory right to sealing pursuant to Crim. Pro. Law 160.50, et seq.  The NYPD cannot, therefore, produce that recording to the Law Department barring unsealing by this Court for the purpose of the instant litigation. We respectfully request that the subject recording, and any other prior allegation where a complainant's arrest and/or summons was sealed by operation of law be deemed unsealed for the limited purpose of complying with the Court's discovery orders. To the extent the audio cannot be redacted to protect the identity of the complainant, we would further request permission to designate the audio for attorneys' 'eyes' only.

Defendants thank the Court for its consideration of the within request.

Respectfully submitted,

/s/

W. KeAupuni Akina

cc:   Ryan Lozar, Esq.
      *Counsel for Plaintiff* (via ECF)