```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANKLIN MCKENZIE,

                            Plaintiff,

          -v-

CITY OF NEW YORK, *et al.*,

                           Defendants.
------------------------------------------------------------------X

17 Civ. 4899 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      The Court has received defense counsel's sworn declaration, dated September 24, 2018, responding to this Court's September 19, 2018 order. Dkt. 44. The Court has also received plaintiff's letter response renewing his motion for sanctions, Dkt. 45, as well as plaintiff's letter motion to file certain exhibits to his letter under seal, Dkt. 46.[1] Finally, the Court has received plaintiff's letter, dated September 27, 2018, notifying the Court that the parties are attempting to resolve outstanding discovery disputes without the Court's assistance. Dkt. 47. On review of the parties' submissions, the Court rules as follows.

      Plaintiff's motion for sanctions is denied. Defense counsel represents that, with certain exceptions discussed below, all responsive materials were produced in a timely fashion. *See* Dkt. 44 at ¶¶ 18–19. Plaintiff's counsel represents that certain responsive materials, identified in section I.b. of his letter, remain unproduced. *See* Dkt. 45 at 2–3. In light of plaintiff's representation that the parties are working cooperatively to resolve their outstanding disputes, *see* Dkt. 47, the Court declines to resolve any dispute as to these materials at this time. Should the parties fail to reach a negotiated solution, plaintiff is free to seek this Court's further assistance. But even assuming *arguendo* that defendants did fail to produce the materials

---

[1] The exhibits in question were submitted to the Court via email, with defense counsel copied.

identified in section I.b. of plaintiff's September 27 letter, and that these records were responsive to the Court's September 10, 2018 order, the Court is satisfied that defense counsel undertook a good-faith effort to produce a relatively expansive set of documents, and succeeded in producing those documents in a timely fashion. Accordingly, the Court holds that defendants reasonably complied with this Court's September 10 discovery order.[2]

As to plaintiff's prisoner pedigree card, the Court is satisfied that defendants undertook a diligent search, which revealed not only that this record does not currently exist, but also that it may never have been created in the first place. *See* Dkt. 44 at ¶ 36. Plaintiff's counsel is authorized to take discovery into whether this record was ever created. Assuming such a record was not created, plaintiff's counsel will be free at trial to pursue any reasonable inferences that flow from defendants' failure to create such a record.

Finally, as to plaintiff's request to file certain exhibits under seal, *see* Dkt. 46, the motion is granted. Plaintiff is directed to file the exhibits under seal, and to file versions of the exhibits on the public docket with any necessary redactions.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 28, 2018
New York, New York

---

[2] In particular, the Court is satisfied with defense counsel's efforts to locate IA Logs 09-23148, 09-12979, and 08-56912. *See* Dkt. 44 at ¶¶ 40–53. Plaintiff notes his objection to defendants' prior motion for a protective order as to these records, *see* Dkt. 42, but defendants have withdrawn that motion after undertaking the efforts they previously sought to avoid, *see* Dkt. 44 at ¶ 53 n.3. The Court therefore has no occasion to resolve defendants' motion.