

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

W. KEAUPUNI AKINA
Phone: (212) 356-2377
Fax: (212) 356-3509
Email: wakina@law.nyc.gov

October 19, 2018

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re: <u>Franklin McKenzie v. City of New York, et al.</u>, 17 Civ. 4899 (PAE)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Officer Catanzarita, and Officer Twum (collectively "defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Rules, Defendants respectfully request that the November 9, 2018 conference be converted to a pre-motion conference to discuss defendants' anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

By way of background, plaintiff alleges, *inter alia,* that on December 7, 2014, police officers unlawfully stopped his vehicle, falsely arrested him, and maliciously prosecuted him.[1]

### A. FIRST AMENDMENT RETALIATION

To prevail on First Amendment Retaliation claim, "a plaintiff must prove, *inter alia*, that [the] 'defendants' actions were-motivated or substantially caused by his exercise of that right." Charles v. City of N.Y., 2017 U.S. Dist. LEXIS 17943, at *55-56 (E.D.N.Y. Feb. 7, 2017) (quoting Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001)). The right to record police activity does not apply "if it is done by the subject of the police activity." <u>Higginbotham v. City of New York</u>, 105 F. Supp. 3d 369, 381 (S.D.N.Y. 2015).

Here, plaintiff was the subject of police activity, which curtailed his right to film. Moreover, plaintiff has failed to produce any evidence of retaliation. Plaintiff testified that PO Twum was already trying to arrest him *prior* to plaintiff picking up his phone to record, and that plaintiff only reached for his phone *after* PO Twum had started to grab him. Therefore, plaintiff's first amendment retaliation claim must be dismissed.

### B. EXCESSIVE FORCE

"Officers are entitled to use some degree of force when restraining a suspect during an arrest." <u>Faruki v. City of New York</u>, 517 Fed. App'x. 1, 2 (2d Cir. 2013). "[R]easonableness must embody allowance for the fact that police officers are often forced to make split-second

---

[1] Defendants are not challenging plaintiff's <u>Monell</u> claim at this juncture in light of the Court's order bifurcating certain <u>Monell</u> discovery. (Dkt. No. 28).

judgments – in circumstances that are tense, uncertain, and rapidly evolving." Graham, 490 U.S. at 396-97 (1989). "When there is probable cause to arrest, and the injury resulting from the alleged excessive force is de minimis, the excessive force claim is typically dismissed." Mendoza v. McLean, 14 Civ. 3231 (VB), 2016 U.S. Dist. LEXIS 81900, at *15 (S.D.N.Y. June 23, 2016). De minimis injuries have included short-term pain, swelling, and bruising. Lemmo v. McKoy, 08-CV-4264 (RJD), 2011 U.S. Dist. LEXIS 23075, at *15 (E.D.N.Y. Mar. 8, 2011).

Here, plaintiff admits that no officer punched, kicked, or slapped him and that he did not seek any medical attention for any injuries. Accordingly, plaintiff's injuries, if any, are de minimis and his excessive force claim should be dismissed.

### C. FALSE ARREST

Under New York law, the elements of a false arrest claim are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Id. "Absent significant indications to the contrary, an officer is entitled to rely on his fellow officer's determination that an arrest was lawful." Loria v. Gorman, 306 F.3d 1271, 1288 (2d Cir. 2002).

While much of plaintiff's arrest is disputed, PO Catanzarita was not present for the initial stop of plaintiff and only arrived on scene after the stop had been completed. PO Catanzarita, who arrived as back up, was accordingly entitled to rely upon any information relayed to him by PO Twum. Therefore, the false arrest claim against PO Catanzarita should be dismissed.

### D. DENIAL OF RIGHT TO A FAIR TRIAL

The elements of a claim for denial of a right to a fair trial are that an "(1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012). "[I]t is not enough for Plaintiff to claim that simply because her account differs from the officers' accounts [the officer] must have lied to further the prosecution." Cooper v. Dieugenia, 14-CV-6136 (PKC), 2017 U.S. Dist. LEXIS 28970, at *27 (E.D.N.Y. Feb. 27, 2017). Summary judgment is appropriate in situations where plaintiff has failed to "present[ ] evidence indicating that an officer falsified information or fabricated evidence." Bennet v. Vidal, 267 F. Supp. 3d 487, 499 (S.D.N.Y. 2017).

Here, plaintiff claims that officers lied about the driving infraction precipitating his car stop and about plaintiff resisting arrest. However, plaintiff testified that after PO Twum informed him he was under arrest and grabbed plaintiff, plaintiff reached *away* from PO Twum to grab his phone. This demonstrates resisting arrest. Moreover, plaintiff has failed to put forth evidence of actual fabrication beyond his own testimony. Therefore, plaintiff's claim must be dismissed.

### E. MALICIOUS PROSECUTION

In order to prove malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995). Under Section 1983, a plaintiff must additionally show "a post-arraignment deprivation of liberty" is also necessary. Bailey v. City of N.Y., 79 F. Supp. 3d 424, 448 (E.D.N.Y. 2015).

Here, PO Catanzarita signed a criminal court complaint as to the sole charge of Resisting Arrest. This charge was ultimately dismissed by the District Attorney's office as a procedural matter in order to proceed to a bench trial upon the Reckless Driving charge. Plaintiff has failed to produce any evidence indicating how this dismissal constitutes a favorable termination.

Therefore, the malicious prosecution claim against PO Catanzarita must be dismissed.

### F. UNLAWFUL SEARCH AND SEIZURE

"In analyzing a claim for unlawful search and seizure under the Fourth Amendment, courts look to the reasonableness of the search when determining whether a search violated a plaintiff's constitutional rights." Hatcher v. City of New York, 15 Civ. 7500 (VSB), 2018 U.S. 50759, at *19 (S.D.N.Y. Mar. 27, 2018) (citation omitted). The Supreme Court has "consistently accorded law enforcement officials greater latitude in exercising their duties in public places." Florida v. White, 526 U.S. 559, 565 (1999). A plaintiff must prove actual compensable injuries directly related to the allegedly unlawful search and seizure. See Hayes v. Perotta, 751 F. Supp. 2d 597, 603-04 (S.D.N.Y. 2010).

Here, plaintiff claims a search of his person and of his vehicle. Plaintiff has failed to provide proof of any actual injury resulting from the search of either his person or his vehicle. Moreover, as to the search of his vehicle, plaintiff has failed to prove whether his vehicle was in fact searched. Plaintiff himself admits that he did not observe any officer search his vehicle. Therefore, plaintiff's unlawful search and seizure claim must be dismissed.

### G. FAILURE TO INTERVENE

"[A]ll law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Liability may attach where an officer fails to intervene, but observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official. Id. However, where the officer is a direct participant in the allegedly unlawful conduct, the failure to intervene theory of liability is inapplicable. Simon v City of New York, 09 CV 1302 (ENV), 2011 U.S. Dist. LEXIS 9515, at *39-40 (E.D.N.Y. Jan. 3, 2011).

Here, plaintiff alleges that both PO Twum and PO Catanzarita were personally involved in his arrest and prosecution. Thus, plaintiff cannot also pursue claims against the officers on a failure to intervene theory. Therefore, plaintiff's failure to intervene claim must be dismissed.

### H. STATE LAW CLAIMS

For state-law claims, a notice of claim must be served on the City of New York within 90 days of the date of accrual of the cause of action. See G.M.L. § 50-e. Notice of claim requirements are to be strictly construed. Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (citation omitted). Failure to comply requires dismissal for failure to state a cause of action. Id. at 794 (citations omitted).

Here, plaintiff was arrested on December 7, 2014. He filed a notice of claim, but then failed to appear for the required 50-H hearing. Plaintiff's criminal case was later dismissed after which he filed a second notice of claim on May 25, 2016, over a year and five months after his arrest. Thus, plaintiff's state law claims as to the first notice of claim, including fabrication of evidence and *respondeat superior*, are barred for failure to comply with a condition precedent.

Defendants thank the Court for its consideration herein.

Respectfully submitted,<br>
/s/<br>
W. KeAupuni Akina<br>
*Senior Counsel*

cc:   Ryan Lozar, Esq. (via ECF)