

**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BILAL HAIDER**
*Senior Counsel*
Phone: (212) 356-2549
Fax: (212) 356-3509
bhaider@law.nyc.gov

December 4, 2019

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

      Re:   Franklin McKenzie v. City of New York, et al.
              17 Civ. 4899 (PAE)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, the attorney assigned to represent defendants in the above-referenced matter. For the reasons set forth herein, defendant City of New York respectfully requests the Court's permission to file the following documents related to its Motion for Partial Summary Judgment, dated December 4, 2019 (see ECF No. 103), under seal:

1. Memorandum of Law
2. Local Civil Rule 56.1 Statement
3. Declaration of Bilal Haider
4. Exhibits A, D, E, F, G, H, J, L, M, and N

      A redacted version of these documents will be filed on ECF but not included in the courtesy copy of the motion papers which will be sent to the Court. Defendant City of New York has already served plaintiff with the unredacted copies of all of the supporting documents for its Motion for Partial Summary Judgment. Plaintiff's counsel takes no position with respect to this request.

      The presumption of public access to the redacted portions of the brief is outweighed by "the privacy interests of those resisting disclosure." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir 2006). The document defendants seek to file under seal incorporate information that has been deemed Confidential pursuant to the Protective Order

entered under Local Civil Rule 83.10. In relevant part, the Protective Order states that "'Confidential Materials' shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies." The Protective Order further states that:

> Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

Defendant City of New York respectfully submits that the Lugosch standard is met here, where countervailing considerations of the defendants' privacy and reputational interests are sufficient to overcome the weak presumption of access that attaches to these records. Lugosch, 435 F.3d at 121 (countervailing factors include, among others, the privacy interests of those resisting disclosure); see also ECF No. 95, dated September 23, 2019 (granting the parties' request to file disciplinary related discovery under seal in the instant case.) As such, defendant City of New York respectfully requests that the Court grant permission to file these documents under seal.

Unredacted copies of these document with the proposed redactions highlighted will be delivered to the Court by e-mail for review. Thank you for your consideration herein.

Sincerely yours,

*Bilal Haider* /s

Bilal Haider
Senior Counsel
Special Federal Litigation Division
100 Church Street, Room 3-235
New York, New York 10007
(212) 356-3549
bhaider@law.nyc.gov

---

The Court has reviewed defense counsel's proposed redactions and grants them in part. Counsel may redact the name, badge/shield number, and tax number of the officer referred to as D-1. Counsel may also redact the names of civilians in Exhibits D, E, and F, and the various "serial numbers" in Exhibit G. In light of these approved redactions, and considering the *Lugosch* factors, the Court denies counsel's additional proposed redactions, including to descriptions of the conduct, or alleged conduct, of D-1. Consistent with this order, defense counsel should file appropriately redacted documents on ECF forthwith and also file unredacted versions under seal in accordance with this district's procedures. In addition, the Court requests email copies of the unredacted exhibits without the "Confidential" watermark on each page, as it frequently obscures the text. SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER    12/6/2019
United States District Judge